IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
JUN 23 2021
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | INDICTMENT |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 5:21 CR 485 |
| v. ) | |
| ) | Title 18, United States Code, |
| CAMELLA T. POINDEXTER, ) | Sections 1344(1), (2) and 2 |
| ) | |
| Defendant. ) | JUDGE ADAMS |
| ) | |

## GENERAL ALLEGATIONS

At all times material to this Indictment:

1. On or about September 23, 2019, Defendant CAMELLA T. POINDEXTER opened checking account XX-XXXX-3884 (the "Poindexter Account") with PNC Bank, National Association ("PNC Bank").

2. The Account that POINDEXTER opened with PNC was a business account titled "Millzy Williams LLC." On the PNC Bank Account Registration and Agreement form, the tax identification number, or employer identification number, is listed as XX-XXX5810.

3. POINDEXTER was the only authorized signer on the Poindexter Account.

4. At all times material to this Indictment, PNC was a financial institution as defined in Title 18, United States Code, Section 20, the deposits of which were insured by the Federal Deposit Insurance Corporation ("FDIC").

5. At all times material to this Indictment, the University of Akron held and used a checking account with JPMorgan Chase Bank, N.A. ("Chase"), which was a financial institution

as defined in Title 18, United States Code, Section 20, the deposits of which were insured by the FDIC. The account number for this checking account with Chase ("the University of Akron Account") which the University of Akron used was XXXXX5640.

6. At all times material to this Indictment, Regency Construction Services, Inc. ("Regency Construction") was a vendor which provided services, including construction services, to the University of Akron.

7. On or about November 4, 2019, a Vender Authorization form was submitted, via facsimile, to the University of Akron, directing the University of Akron to send, via Automatic Clearing House ("ACH"), future payments intended for Regency Construction to the Poindexter Account. The cover sheet for the facsimile represented that it was being sent from Regency Construction.

8. On or about November 23, 2019, the University of Akron intended to send to Regency Construction payment in the amount of $73,147.03 for services Regency Construction had rendered to the University of Akron. As a result of the November 4, 2019 Vendor Authorization form it had received, the University of Akron sent the $73,147.03 payment to the Poindexter Account.

9. On or about December 2, 2019, Poindexter withdrew $28,125.00 from the Poindexter Account by obtaining two cashier's checks from the Poindexter Account. The first check, #4805079, was in the amount of $14,625.00 and was payable to "For the People Tax Professionals," and the second check, #4805080, was in the amount of $13,500.00 and was payable to "The Way to Go Transportation."

COUNT 1
(Bank Fraud, 18 U.S.C. §§§ 1344(1), (2) and 2)

The Grand Jury charges:

10. The factual allegations of paragraphs 1 through 9 of this Indictment are realleged and incorporated by reference as if fully set forth herein.

11. Beginning on or about September 23, 2019, and ending on or about December 2, 2019, in the Northern District of Ohio, Eastern Division and elsewhere, Defendant CAMELLA T. POINDEXTER did knowingly execute and attempt to execute a scheme and artifice to defraud JPMorgan Chase Bank, N.A. ("Chase") and to obtain money under the custody and control of Chase by means of false and fraudulent pretenses, representations, and promises, to wit: by submitting false and fraudulent information to the University of Akron regarding the bank account to which payment for Regency Construction Services, Inc. should be remitted, by causing the University of Akron to remit funds from its Chase account to the Poindexter Account at PNC Bank, and by using the Poindexter Account at PNC Bank to obtain and disburse the funds that POINDEXTER fraudulently obtained, in violation of Title 18, United States Code, Sections 1344(1), (2) and 2.

FORFEITURE

The Grand Jury further charges:

12. The allegation of Count 1 is hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(2). As a result of the foregoing offense, Defendant CAMELLA T. POINDEXTER, shall

forfeit to the United States all property, constituting or derived from proceeds obtained directly or indirectly, as a result of the violation charged in Count 1.

A TRUE BILL.

Original document - Signatures on file with the Clerk of Courts, pursuant to the E Government Act of 2002.